IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, #B-41175, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 10–cv-493-MJR-SCW |
| | ) |
| DERWIN RYKER, HARRINGTON, | ) |
| J. BROWN, C. VAUGHN, L. WALTERS, | ) |
| T. COX and HOSKINSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 32), and his Motion to Voluntarily Dismiss Count 4 (Doc. 35).

The Motion to Reconsider was filed with this Court on March 28, 2011, and requests the Court to reconsider the portion of the Court's Memorandum and Order (Doc. 9), dismissing Count 3 of Plaintiff's complaint (Opening Legal Mail). Plaintiff signed and mailed his Motion to Reconsider on March 21, 2011, 27 days after the entry of Doc. 9 on February 22, 2011. Thus, under the "mailbox rule," Plaintiff's motion was filed within 28 days of the challenged order. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

The Motion to Voluntarily Dismiss Count 4 (Doc. 35) was filed on April 7, 2011, in response to the Court's Order (Doc. 9) that Counts 2 and 4 would be severed unless Plaintiff moved to voluntarily dismiss one or both counts by April 11, 2011.

First, a "Motion to Reconsider" technically does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of

a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion to reconsider was filed within 28 days of the entry of the challenged order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it.[1] *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

The gist of Plaintiff's motion to reconsider is that the Court misapprehended his factual

---

[1] As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

assertions as to Defendant Hoskinson's actions.  As such, the Court will consider the motion under Rule 59(e).  The motion also adds to the factual allegations in the complaint.  This Court dismissed Count 3 of the complaint without prejudice for failure to state a claim upon which relief could be granted, because Plaintiff did not allege that his legal mail was read by Defendant Hoskinson or the mailroom staff, nor did he allege that Defendant Hoskinson's conduct amounted to a systematic pattern or practice of interference with his legal mail.  Plaintiff now asserts that Defendant Hoskinson and her staff did intentionally read Plaintiff's legal mail.  He also claims Defendant Hoskinson deceptively tried to indicate that Plaintiff's attorney did not mark the letters as privileged legal mail, and that Defendant Hoskinson claimed the opening of the legal mail was in error to cover up her systematic pattern and practice of opening his legal mail.

At this stage of the litigation, the additional allegations in Plaintiff's motion would be sufficient to allow his claim to proceed against Defendant Hoskinson, once they are included in an amended complaint.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (defendant's allegedly deliberate opening of legal mail, inordinate delay in delivering legal mail, and theft of mail stated a constitutional claim); *Castillo v. Cook County Mail Room Dept.*, 990 F.32d 304, 305-06 (7th Cir. 1993) (ongoing interference with legal mail states a claim); *Bruscino v. Carlson,* 654 F. Supp. 609, 618 (S.D. Ill. 1987).   However, the Plaintiff has not alleged any personal involvement of Defendant Ryker in the improper opening of his legal mail, either in his original complaint or in the instant motion. Therefore the dismissal of Defendant Ryker from Count 3 shall stand.

However, this is not the end of the matter.  Plaintiff was informed in Doc. 9 that if he did

not move to voluntarily dismiss Counts 2 and 4, each of those counts would be severed into a new action and a new filing fee would be assessed. Plaintiff has now filed his motion (Doc. 35) to voluntarily dismiss only Count 4, and that motion will be granted. Count 3, which will be revived, unfortunately suffers from the same problem that caused the Court to order the severance of Counts 2 and 4. Count 3 is unrelated to Counts 1 and 2 and shares no common defendants with those counts. As such, Count 3 cannot be maintained in the same action as Counts 1 and 2. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (separate, unrelated claims belong in different suits).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider the dismissal of Count 3 (Doc. 32) is **GRANTED**; Count 3 is revived.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Count 4 (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Count 3 is **SEVERED** into a new case. That new case shall be: Claims against **DEFENDANT HOSKINSON** for opening legal mail. The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;

(2) The Memorandum and Order Referring Case to Magistrate Judge (Doc. 9)

(3) The Original Complaint (Doc. 1);

(4) Plaintiff's Motion to Reconsider (Doc. 32).

**IT IS FURTHER ORDERED** that, on or before **May 9, 2011**, Plaintiff shall file a First Amended Complaint in the new action, which shall contain the count now designated as Count 3

against Defendant Hoskinson, along with any exhibits he wishes the Court to consider. If Plaintiff is unable to pay the filing fee in full for the new case, he shall also file a Motion for Leave to Proceed *In Forma Pauperis* along with his First Amended Complaint, within the same deadline. The Clerk is **DIRECTED** to mail Plaintiff the form for a Motion for Leave to Proceed *In Forma Pauperis*. Failure to file an amended complaint in the new action, as well as failure to pay the fee or file a Motion for Leave to Proceed *In Forma Pauperis*, may result in dismissal of that new action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is **ORDERED** to serve upon Defendant Hoskinson or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

The Plaintiff is advised that any future proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time a motion to amend is filed. The Court will not accept piecemeal amendments to the original complaint.

Finally, Plaintiff is further warned that if he files another motion to review or reconsider the threshold order (Doc. 9), which has already been considered *4 times*, it will be summarily denied.

**IT IS SO ORDERED.**

**DATED: April 15, 2011**

                                                 **s/ *Michael J. Reagan***
                                                 **MICHAEL J. REAGAN**
                                               **UNITED STATES DISTRICT JUDGE**