IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  10-cv-493-SCW |
| | ) |
| NOBLE HARRINGTON, | ) |
| | ) |
|         Defendants. | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

### I. Introduction

Before the Court are Plaintiff's Motion for Attorney's Fees and Costs (Docs. 241 and 242), a Bill of Costs (Doc. 243), and a First Motion to Amend Bill of Costs (Doc. 245). Plaintiff's counsel seeks $15,001.50 in attorney's fees and an additional $5,795.08 in costs. Defendant has filed a Response (Doc. 257) arguing that Plaintiff should not be entitled to attorney's fees and costs because of his *de minimis* victory. In the alternative, Defendant requests that attorney's fees be significantly limited and that Plaintiff be required to pay 25% of the fees. Plaintiff has filed a Reply. Based on the following, the Court **GRANTS IN PART** Plaintiff's Motion for Attorney's Fees and Costs (Docs. 241 and 242).

### II. Background

The Plaintiff filed his Amended Complaint pro se pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated by Defendant Jeremiah Brown, Terrence Cox,

Donald Gaetz, Nobel Harrington, and Derwin Ryker (Doc. 105). Defendants Gaetz and Cox were dismissed because the statute of limitations had run on the claims against them (Doc. 191) and Plaintiff's claims against Brown, Harrington and Ryker proceeded to trial.

Plaintiff alleged that Defendants Brown, Harrington, and Ryker violated his Eighth Amendment rights by being deliberately indifferent to a serious risk of serious harm by failing to remove him from a cell that lacked running water and sanitation. Plaintiff was housed in the cell without running water or a working toilet from July 9, 2008 to July 16, 2008. At the trial, Plaintiff's counsel suggested that the jury return an award of $30,000 in compensatory damages and $300,000 in punitive damages, but counsel noted that the amount was just a suggestion (Doc. 258 at pp. 8-9).

The jury ultimately found that only Defendant Harrington violated Plaintiff's rights. The jury found that Brown and Ryker did not violate Plaintiff's Eighth Amendment rights. The jury awarded Plaintiff $1.00 in compensatory damages and $10,000 in punitive damages.

### III. Analysis

Plaintiff seeks $15,001.50 in attorney's fees and $5,795.08 in costs.

**A. Attorney's Fees**

In a § 1983 action, "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs…" 42 U.S.C. § 1988(b). A prevailing party is a litigant who wins the battle on a "substantial part of the litigation." *First commodities Traders, Inc. v. Heinold Commodities, Inc.*, **766 F.2d 1007, 1015 (7th Cir. 1985);** *Slane v. Mariah Boats, Inc.*, **164 F.3d 1065, 1068 (7th Cir. 1999).** "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, **506 U.S. 103, 111, 114 S.Ct. 566 (1992).** "[A] plaintiff who wins nominal damages is a prevailing party under § 1988." *Id.* **at 112.**

Further, because Plaintiff is a prisoner, his fee award is limited by **42 U.S.C. § 1997e.** Section 1997e places relative and absolute limits on the amount of the fee award. "Subsections (1) and (2) establish relative limits: fees must be 'proportionately related to the court ordered relief' and, when monetary relief is awarded, the fees attributable to that relief cannot exceed 150% of the damages. Subsection (3) establishes an absolute limit at 150% of the hourly rate for defense counsel under the Criminal Justice Act, times the number of hours reasonably devoted to the litigation." *Johnson v. Daley*, **339 F.3d 582, 583 (7th Cir. 2003).**

Plaintiff acknowledges that his counsel is limited under the PLRA to a total amount of attorneys' fee award of 150% of the judgment. Counsel has, thus, calculated attorney's fees at $15,001.50, which represented 150% of the judgment. Counsel indicates that the actual attorney's fees incurred were $30,956.25 given the hourly rate cap under the PLRA[1], but that they are further limited to the PLRA to recovering only $15,0001.50 of that total fee.

Defendant acknowledges that Plaintiff is a prevailing party under § 1988 but argues that the fees are not reasonable in light of Plaintiff's nominal victory against Defendant. In determining a reasonable fee of a *de minimis* victory, the Court looks at "(1) the difference between the amount recovered and the damages sought, (2) the significance of the issue on which the plaintiff prevailed relative to the issues litigated, and (3) whether the case accomplished some public goal." *Aponte v. City of Chicago*, **728 F.3d 724, 727 (7th Cir. 2013) (quoting** *Farrar*, **506 U.S. at 121-22, 113 S.Ct. 566 (O'Connor, J., concurring).** Defendant argues that the Court should apply the *Farrar* factors and award Plaintiff far less attorney's fees because Plaintiff was only a nominal victor. In order to determine whether to apply the *Farrar* factors, the Seventh Circuit has indicated that the district court must weigh the fact specific details of the magnitude of victory to the amount sought and

---

[1] Plaintiff's counsel indicated that their normal fees would be hourly rate and hours worked would be $42,823.00.

resources expended.  *Aponte*, 728 F.3d at 729 (citing *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997)).  The court must look to whether the Plaintiff "aim[ed] high and fell far short." *Hyde*, 123 F.3d at 585.

The Court disagrees that Plaintiff was only a nominal victor.  Defendant makes much of the fact that Plaintiff requested in the final pretrial order, $100,000 in compensatory damages and $1,000,000 in punitive damages.  However, at trial, Plaintiff's counsel requested from the jury only $30,000 in compensatory damages and $300,000 in punitive damages from all three defendants.  And this request, Plaintiff's counsel indicated to the jury, was only a suggestion and Plaintiff would be okay with any amount.  Although Defendant Harrington was the only defendant found to have violated Plaintiff's rights and Plaintiff was only awarded $1.00 in compensatory damages, he was also awarded $10,000 in punitive damages, which is a far cry from *de minimis* in a prisoner civil rights case like this one.  The award of punitive damages, although smaller than what was suggested to the jury, shows that the jury found Defendant's conduct to be malicious.  Further, the Court notes that the trial was short, lastly less than two days, and that counsel did not ask for a significant sum.   "When the civil rights plaintiff aims small, and obtains an amount that is significant in relation to that aim…, he is *prima facie* entitled to an award of fees even if the case establishes no precedent." *See Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997) (finding that the trial was brief and counsel did not ask for a specific amount from jury).  Thus, the Court does not find that Plaintiff aimed high and fell short, which would make him a nominal victor.  Accordingly, the Court finds that the *Farrar* factors are not applicable, and awards Plaintiff's counsel the full amount of attorney's fees requested and allowable under the PLRA: **$15,001.50**.

The PLRA also provides that "whenever a monetary judgment is awarded…a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees

awarded against the defendant." **42 U.S.C. § 1997e(d)(2).** *See also Johnson v. Daley*, **339 F.3d 582, 584 (7th Cir. 2003) (part of the judgment awarded, up to twenty-five percent, shall be applied to satisfy the amount of attorney's fees awarded against the defendant).** Clearly, the PLRA requires that some part of the jury award be used to satisfy a fee award, with twenty-five percent as the maximum set-off amount. **42 U.S.C. § 1997e(d)(2).**

Defendant argues that the PLRA should be interpreted to require that Plaintiff pay the entire amount of attorney's fees out of the judgment, with no more than 25% of the judgment be used for this purpose. Defendant, thus, argues that Plaintiff should be required to pay $2,500. Plaintiff asks that the Court require him to pay only $100 or 1% of the judgment. Defendant cites to the Seventh Circuit case in *Johnson v. Daley*, **399 F.3d 582 (7th Cir. 2003)** to support his proposition. Defendant, however, notes that *Johnson* pointed to this interpretation in dicta. Moreover, the Seventh Circuit in *Johnson* did not calculate the fee award but remanded the case, at which time the district court applied $200 of the $40,000 judgment toward the fee. *See Johnson v. Daley*, **399 F.3d at 598;** *Johnson v. Daley*, **Case No. 98-C-518-C, 2002 WL 23274532, at * 1 (W.D. Wis., Sept. 26, 2003).** Further, other Courts have concluded that while § 1997e(d)(2) requires that a Plaintiff pay some of the fee award from the judgment, it does not require that Plaintiff pay the entire 25%. *See Cornell v. Gubbles*, **Case No. 05-1389, 2010 WL 3937597, at *2 (C.D. Ill, Sept. 29, 2010)(collecting cases);** *Jellis v. Veath*, **No. 10-cv-91-DGW, 2013 WL 1689061 (S.D. Ill. April 18, 2013);** *Shatner v. Cowan*, **No. 00-cv-0251-DRH, 2009 WL 5210528 (S.D. Ill. Dec. 28, 2009).**

Having reviewed the facts of this case, the Court finds that Plaintiff shall pay 10% of his recovery towards attorney's fees, or $1,000. This amount recognizes Plaintiff's initial status as a *pro se* litigant, that counsel was recruited for trial purposes on a pro bono basis, and that Plaintiff benefitted from counsel's appointment. The amount is also within this Court's discretion under the

statute. To require Plaintiff to pay more of the attorney's fees from his judgment would defeat the purpose of awarding him compensatory and punitive damages. Thus, the Court **AWARDS** Plaintiff attorney's fees in the amount of **$15,001.50**, **$1,000** (or **10%** of the judgment) of which is to be satisfied from the monies awarded in Plaintiff's judgment.

**B.     Bill of Costs**

Plaintiff also asks for an additional $5,795.08 in costs associated with this case. **Federal Rule of Civil Procedure 54(d)** provides that "costs-other than attorney's fees- should be allowed to the prevailing party." Under the rule there is a "presumption that the losing party will pay costs" although the court is given discretion in determining whether costs should be awarded or not. *Rivera v. City of Chicago*, **469 F.3d 631, 634 (7th Cir. 2006).** "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, **126 F.3d 926, 945 (7th Cir. 1997) (citing** *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, **854 F.2d 219, 222 (7th Cir. 1988)).** However, the Seventh Circuit recognizes the court may, in its discretion, deny costs where the losing party is indigent. *Rivera v. City of Chicago*, **469 F.3d 631, 635 (7th Cir. 2006).** The burden is on the losing party to show that they are incapable of paying costs. *Id.*

Costs do not include all litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, **482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987);** *Hairline Creations, Inc. v. Kefala*s, **664 F.2d 652, 655 (7th Cir. 1981).**

**28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

  (1) Fees of the clerk and marshal;
  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title:
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**28 U.S.C. § 1920.**

Here, Defendant acknowledges that Plaintiff is a prevailing party and the Court has found that his award was not *de minimis*. Defendant has not raised any further arguments or specific objections to the amounts requested in Plaintiff's Bill of Costs. In reviewing the costs Plaintiff's counsel has requested, the Court notes that counsel requests $2,975.54 in "legal research". A review of the exhibits associated with those costs, Exhibit 7, shows that the costs were associated with searches on LexisNexis (Doc. 245-2 at pp. 18-19). However, computerized legal research are "recoverable as part of an attorney-fee award." *Tchemkou v. Mukasey*, **517 F.3d 506, 512-13 (7th Cir. 2008) (citing** *Haroco v. American Nat'l Bank & Trust of Chicago,* **38 F.3d 1429, 1440-41 (7th Cir. 2004)).** Thus, Plaintiff cannot recover legal research as a cost. *Haroco***, 38 F.3d at 1441.** Accordingly, the Court reduces Plaintiff's costs by $2,975.54 and finds that Plaintiff is entitled to a total of $2,819.54 in costs. The Court finds all other requested costs to be recoverable and reasonable.

### IV. <u>Conclusion</u>

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's bill of costs (Docs. 243 and 245). The Court **DIRECTS** the Clerk of Court to tax a total of **$2,819.54** in favor of Plaintiff and against Defendant Harrington. The Court also **GRANTS IN**

**PART** Plaintiff's motion for attorney fees (Doc. 241) and **AWARDS** Plaintiff attorney's fees in the amount of **$15,001.50**, **$1,000** (or 10% of the judgment) of which is to be satisfied from the monies awarded in Plaintiff's judgment.

**IT IS SO ORDERED**.
DATED: September 16, 2014.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge