fIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. GEVAS, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No.  10-cv-493-SCW |
| NOBLE HARRINGTON, | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### I.  Introduction

Before the Court is Defendant Harrington's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a New Trial (Doc. 255). Plaintiff has filed a Response (Doc. 262) in opposition to the motion. Based on the following, the Court **DENIES** Defendant's motion (Doc. 255).

### II.  Background

Plaintiff filed a Complaint alleging that Defendants Noble Harrington, Jeremiah Brown, and Lee Ryker were deliberately indifferent to a serious risk of harm to Plaintiff. Specifically, Plaintiff alleged that from July 9, 2008 to July 16, 2008 he was housed in a cell without running water which denied him a right to sanitary living conditions and sufficient water.

A trial was held on Plaintiff's claims on August 26 and 27, 2013. At the close of Plaintiff's case, Defendants moved for judgment as a matter of law, which this Court denied. Plaintiff's claims proceeded to the jury and the jury found in favor of Brown and Ryker on Plaintiff's claims against them, but found in favor of Plaintiff on his claim that Defendant Harrington was deliberately indifferent (Doc. 237). The jury awarded Plaintiff $1.00 in compensatory damages and

$10,000 in punitive damages (*Id.*).

The evidence presented at trial was that for seven days Plaintiff was housed in a cell where the sink and toilet were not functioning (Doc. 250 at p. 18). Plaintiff testified that he initially told Defendant Harrington that the water did not work, and he told him to press the button on the sink and toilet but neither worked (*Id.* at p. 20). Plaintiff indicated that he complained to Defendant Harrington every day that Harrington was on duty (*Id.* at p. 21). During his stay, he was only provided liquids with his meal, consisting of an 8-ounce milk and a 4-ounce juice (*Id.* at pp. 21-22). I was never provided with bottled water during his stay in the cell and only on two occasions, when Harrington was not on duty, was he provided with ice (*Id.* at p. 23). Plaintiff indicated that on the days Harrington worked and was passing out ice, Plaintiff would place his tray lid through the chuckhole to obtain ice and Harrington would rip it out and throw it on the ground (*Id.* at p. 23, 32). He testified that he also saw Harrington on the fourth day in the cell and that upon appearing at the window of the cell, Harrington was pushed back by the stench (*Id.* at p. 31). Plaintiff informed him of his lack of water in the cell, but Plaintiff was not removed from the cell at that time (*Id.*).

Plaintiff described his cell conditions as living in a port-a-potty as his urine and feces built up in the toilet but Plaintiff was unable to flush it (*Id.* at pp. 23-24). He ate his meals in the same cell, four to five feet away from the toilet (*Id.* at p. 24). He was never able to wash his hands (*Id.*). Plaintiff testified that during his stay in the cell he suffered from headaches, was thirsty, was unclean, and often had sweat in his eyes (*Id.*).

Defendant Harrington testified that he did not remember Plaintiff showing him the problem with the plumbing or requesting ice (*Id.* at p.114). He testified that he gave out ice to the inmates all the time as ice was passed out each night (*Id.* at p. 115). And if the water was not working, he would provide inmates with water two or three times a shift (*Id.*).

### III. Analysis

#### A. Renewed Motion for Judgment as a Matter of Law

Defendant argues that he should be granted judgment as a matter of law because the evidence was insufficient to find him deliberately indifferent, Plaintiff failed to prove that he suffered a serious harm, the evidence was insufficient for an award of punitive damages, and Defendant was entitled to qualified immunity.

A motion for judgment as a matter of law made during trial, which is denied by the court may be renewed pursuant to Federal Rule of Civil Procedure 50(b). The moving party may also make an alternative request for a new trial under Rule 59. **Fed.R.Civ.P. 50(b)(citing Fed.R.Civ.P. 59).** The determining court then has three options when ruling on a Rule 50(b) motion: it may allow judgment on the verdict to remain, order a new trial, or grant the motion and direct entry of judgment as a matter of law in favor of the movant. **Fed.R.Civ.P. 50(b).** If the court grants the Rule 50(b) motion, it must also conditionally rule on the movant's alternate request for a new trial, "by determining whether a new trial should be granted if the judgment is later vacated or reversed." **Fed.R.Civ.P. 50(c)(1).**

A Rule 50(b) motion should be granted only when "'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that issue.'" **Murray v. Chicago Transit Auth., 252 F.3d 880, 886 (7th Cir. 2001).** The standard governing a Rule 50(b) renewed motion for judgment as a matter of law is the same as used in determining a motion for summary judgment pursuant to Rule 56, meaning that the Court must review the entire record, construing all the evidence in favor of the nonmoving party. *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003)(citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097 (2000); *Anderson v. Liberty Lobby,*

*Inc.,* **477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986));** *Winters v. Fru-Con Inc.***, 498 F.3d 734, 746 (7th Cir. 2007).** Evidence is strictly construed "in favor of the party who prevailed before the jury" and the court may examine "the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County***, 689 F.3d 655, 659 (7th Cir. 2012).** The Court does not make credibility finds or weigh the evidence and must disregard evidence favorable to the moving party that the jury was not required to believe. *Id.* **at 659.** The Seventh Circuit has stated that "overturning a jury verdict is not something [the court] do[es] lightly," *Massey v. Blue Cross-Blue Shield of Ill.***, 226 F.3d 922, 925 (7th Cir. 2000)**, and it will only do so if the moving party can show that no rational jury could have brought in a verdict against it. *Hossack v. Floor Covering Associates of Joilet, Inc.***, 492 F.3d 853, 859 (7th Cir. 2007).**

1. *Sufficiency of the Evidence*

Defendant argues that he is entitled to judgment as a matter of law because Plaintiff failed to prove both the objective and subjective standards of his conditions of confinement case. The Eighth Amendment requires a minimum standard for treatment of prisoners including that prisoners are provided with humane conditions of confinement. *Farmer v. Brennan***, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing** *Helling v. McKinney***, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)).** Prison officials must provide inmates with "adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* **(citations omitted).** In order to succeed on an Eighth Amendment claim for inhumane conditions of confinement, an inmate must establish: (1) that he was housed under conditions that were "'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'", and (2) the defendant was deliberately indifferent to that risk. *See Townsend v. Fuchs***, 522 F.3d 765, 773 (7th Cir. 2008);** *Grieveson v.*

*Anderson*, **538 F.3d 763, 775 (7th Cir. 2008).** In order to prove deliberate indifferent, the plaintiff must show that the prison officials actually knew of the condition but refused to take reasonable steps to resolve it. *Townsend*, **522 F.3d at 773;** *Grieveson,* **538 F.3d at 775.**

Here, Plaintiff points out that Defendant Harrington has waived his right to renew a motion for judgment as a matter of law as to the subjective component of the conditions of confinement test because he did not raise it in his initial motion at trial. Rule 50(b) is a renewed motion or judgment as a matter of law which can be raised when a court does not grant a motion for judgment as a matter of law under Rule 50(a). "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." *Passananti*, **689 F.3d at 660 (quoting Fed.R.Civ.P. 50(b), comm. note (2006 amend.)).** At trial, Defendant's counsel did not raise the sufficiency of the evidence issue as to the subjective component. In fact, counsel admitted that as to the subjective component, he did not have an argument as to Officer Harrington. Defendant's counsel stated that Harrington was the officer on the wing and would have seen Plaintiff's conditions all week (Doc. 250 at p. 92). The Court acknowledged that counsel conceded the subjective component as to Defendant Harrington (*Id.* at p. 95). As counsel did not raise a sufficiency issue as to the subjective component at trial, and in fact, conceded that the evidence was sufficient as to Harrington, he cannot now raise the issue in this motion. Thus, the Court will not consider Defendant's arguments regarding the subjective prong.

Defendant also argues that the evidence was not sufficient to establish the objective component for a conditions of confinement claim. The basis of Plaintiff's claim was that Defendant Harrington failed to provide him with sufficient water and sanitary cell conditions from July 9 to July 16, 2008. Plaintiff testified that during his time in the segregation cell that he did not have running water and was unable to flush the toilet. He described his time in the cell as being in a

Page **5** of **15**

port-a-potty, that every time he went to the bathroom, the urine and feces built up in the toilet. Plaintiff had to spend his entire time in the this cell, eating within feet of the toilet, with no ability to clean the toiler during his time in the cell. He also testified that he was not permitted to use another bathroom during this time and that he was never provided with bottled water or ice. The evidence indicated that Plaintiff received only twelve ounces of liquid a day in very hot conditions. At most, the evidence suggested that in addition to the liquid, he received two cups of ice over the entire one-week period. A jury could reasonably find that such a condition posed a substantial risk of serious harm. See *Vinning-El v. Long*, **482 F.3d 923, 924 (7th Cir. 2007);** *Johnson v. Pelker*, **891 F.2d 136, 139 (7th Cir. 1989).**

Defendant argues that the testimony failed to show a substantial risk of serious harm as Plaintiff did not suffer a physical injury due to the amount of water he was given. However, the Seventh Circuit has stated that a physical injury is not necessary. In fact, the Seventh Circuit has specifically stated that "a trier of fact might reasonably conclude that the prisoner had been subjected to harm sufficient to support a claim of cruel and unusual punishment even if he had not contracted a disease or suffered any physical pain." *Thomas v. State of Illinois*, **697 F.3d 612, 614-15 (7th Cir. 2012).** Contrary to what Defendant argues, a physical injury was not required for the jury to find that Plaintiff suffered a substantial risk of serious harm. *Calhoun v. Detella*, **319 F.3d 936, 941 (7th Cir. 2003).** Thus, the Court finds the jury's verdict reasonable in light of Plaintiff's testimony regarding the conditions he was subjected to for seven days.

### 2. *Serious Harm*

Defendant next argues that he is entitled to judgment because the jury found that Plaintiff did not suffer any injuries. Because Plaintiff was awarded nominal damages, Defendant argues that the jury found that Plaintiff did not suffer an injury and, according to Defendant, such an

injury is required to prove a conditions of confinement claim. However, the Seventh Circuit has consistently rejected this argument. As the Plaintiff points out, and the Seventh Circuit has consistently held, even absent a provable injury, Plaintiff still could recover both nominal and punitive damages. *Calhoun v. Detella*, 319 F.3d 936, 941 (7th Cir. 2003); *Guzman v. City of Chicago*, 639 F.3d 740, 748 (7th Cir. 2012); *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). Defendant relies heavily on the case *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996) to support his position that an actual harm occurred for the Plaintiff to prove his conditions of confinement case, but the Seventh Circuit explicitly rejected a reliance on *Babcock* in *Calhoun*. *See Calhoun*, 319 F.3d at 941-42. The Seventh Circuit has also indicated that nominal damages are available in conditions of confinement cases and that a jury could reasonably conclude that an inmate was subjected to harm without physical pain. *See Thomas,* 697 F.3d at 614. Thus, the Court rejects Defendant's argument that he is entitled to judgment because Plaintiff did not show that he suffered a serious harm.

### 3. Punitive Damages

Defendant argues that he is entitled to judgment on Plaintiff's claims of punitive damages because the record is lacking in evidence to support Plaintiff's claim for such damages. Section 1983 allows for the recovery of punitive damages where the complained-of conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights. *Smith v. Wade*, 461 U.S. 30, 46-49, 103 S.Ct. 1625 (1983). The jury was instructed that they could award punitive damages if they found that Defendant's conduct was "malicious or in reckless disregard of Plaintiff's rights" (Doc. 238 at p. 24). Defendant argues that there was no evidence to support such a finding, but as Plaintiff points out, there was ample evidence from which a jury could find that Defendant's conduct was in reckless disregard for Plaintiff's rights.

Reviewing the evidence in the light most favorable to Plaintiff, as is required under Rule 50(b), there was testimony that Plaintiff was held in a hot segregation cell in July without access to water or sanitation. Plaintiff testified that he told Defendant Harrington on numerous occasions that he had no access to water and that his cell had human waste (Doc. 250 at p. 20-21, 31). Despite Plaintiff informing Defendant of his condition, Defendant never sought to remove Plaintiff from his cell, despite his knowledge of the conditions and despite his acknowledged ability to request inmates be removed from a cell without water (*Id.* at pp. 31, 117-18). There was also evidence that Plaintiff asked for ice and Defendant deprived him of ice (Doc. 250 at pp. 23, 32). In fact, Plaintiff testified that when he requested ice from Defendant by placing the lid of the tray out of the chuckhole, Defendant would throw it on the ground (*Id.* at p. 32). Thus, there was evidence in the record from which the jury could find that Defendant acted with reckless disregard and reasonably award punitive damages.

### 4. *Qualified Immunity*

Defendant also argues that he is entitled to judgment under the doctrine of qualified immunity. Defendant argues that the conditions Plaintiff experienced do not amount to a violation of the Eighth Amendment and that Defendant could not have been on notice that such conditions would amount to a violation because the rights were not clearly established. However, Defendant failed to raise the qualified immunity issue at trial and thus he cannot renew a motion based on qualified immunity at this time. ***Passananti*, 689 F.3d at 660**. Plaintiff's motion for judgment as to this issue is denied.

**B.    Motion for New Trial**

In the alternative to his Rule 50(b) motion, Defendant seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a). Rule 59(a) allows the court, after a jury trial, to grant a new

trial on all or as to some of the issues, as to any party, "for any reasons for which a new trial has heretofore been granted in an action at law in federal court." **Fed.R.Civ.P. 59(a).**

### 1. Verdict Against Manifest Weight of the Evidence

Defendant first argues that the jury's verdict in favor of Plaintiff was against the manifest weight of the evidence. A new trial "is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, **749 F.3d 641, 656 (7th Cir. 2014) (citing** *Willis v. Lepine*, **687 F.3d 826, 836 (7th Cir. 2012)).** In ruling on a 59(a) motion, the court has discretion to weigh the evidence but "cannot grant a new trial just because it believes the jury got it wrong." *Whitehead v. Bond*, **680 F.3d 919, 928 (7th Cir. 2012).** However, the court may only set aside a verdict "if no rational jury could have rendered the verdict." *Willis,* **687 F.3d at 836 (quoting** *Moore ex rel. Estate of Grady v. Tuelja*, **546 F.3d 423, 427 (7th Cir. 2008) (internal citations omitted)).** The Seventh Circuit has also noted that jury verdicts deserve deference when the case involves "simple issues but highly disputed facts." *Id.*

In addressing Defendant's motion for judgment as a matter of law, the Court already found that that there was sufficient evidence presented from which a reasonable jury could find in Plaintiff's favor. There was evidence that during Plaintiff's time in the segregation cell that he did not have running water and was unable to flush the toilet. He described his time in the cell as being in a port-a-potty, that every time he went to the bathroom, the urine and feces built up in the toilet. He also testified that he told Harrington on numerous occasions over the course of the seven days that he was suffering from the odor and lack of water in his cell and that Harrington refused to move him to a different cell and provide him with additional liquids and water. While Harrington testified that he doesn't remember Plaintiff's cell lacking water, the case boiled down to a credibility match,

which Plaintiff won in front of the jury. *Whitehead*, **680 F.3d at 928 (Noting that it is the jury's job to determine credibility of evidence and verdict will not be set aside if they weighed the evidence and credibility and came to a supportable conclusion).** Thus, the Court finds the jury's verdict reasonable.

### 2. *Punitive Damages Excessive*

Defendant also argues that punitive damages awarded by the jury was excessive and thus constituted a denial of due process. In determining whether an award of punitive damages is excessive, the Court considers three guideposts: "(1) the degree of reprehensibility of defendant's conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and his punitive damages award; and (3) the difference between this remedy and the civil penalties authorizes or imposed in comparable cases." *Kapelanski v. Johnson*, **390 F.3d 525, 534 (7th Cir. 2004) (citing** *BMW of North America, Inc. v. Gore*, **517 U.S. 559, 575, 116 S.Ct. 1589 (1996));** *G.G. v. Grindle*, **665 F.3d 795, 798 (7th Cir. 2011).**

Defendant argues that there was no evidence that his actions were reprehensible. However, as previously stated, there was evidence that Plaintiff informed Defendant of the conditions of his cell on numerous occasions during the seven days that he was housed in the cell and that Defendant did nothing. There was also testimony that when Plaintiff asked Defendant for ice, that he ripped the tray out of Plaintiff's hands and threw it on the ground and never provided Plaintiff with ice. Further, although Plaintiff was awarded only nominal damages, the jury's award suggests that while Plaintiff suffered no physical injuries as a result of the time in his cell, the jury found Defendant's conduct to be reprehensible.

Defendant points out that the Supreme Court in *State Farm Mutual Automobile Insurance Co., v. Campbell*, **538 U.S. 408, 425, 123 S.Ct. 1513 (2003)** noted that awards of single

digit ratios (between compensatory and punitive damages) are more likely to comport with due process. However, the Supreme Court has also stated that there are circumstances in which a low compensatory damages award may allow for a high punitive damage award. "Indeed, low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which injury is hard to detect or the monetary value of non-economic harm might have been difficult to determine." *BMW*, 517 U.S. at 582, 116 S.Ct. 1589. The Seventh Circuit has also stated that both nominal and punitive damages are allowable in a § 1983 case. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (quoting *Calhoun*, 319 F.3d at 940-41). Here, while the jury found no physical injury suffered by Plaintiff, their award suggests that they sought to deter the conduct of Defendant and other correctional officers which allowed Plaintiff to languish in a cell without running water or sanitation for seven days. The Court finds the jury's $10,000 award of punitive damages reasonable in light of these facts. *See Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 675-78 (7th Cir. 2003) (upholding verdict of $5,000 in compensatory and $186,000 in punitive); *Tate v. Dragovich*, CIV.A. 96-4495, 2003 WL 21978141, at * 10 (E.D. Pa. Aug. 14, 2003) (approving award of $1.00 in nominal damages and $10,000 in punitive damages); *Williams v. Kaufman Cnty*, 352 F.3d 994, 1016 (5th Cir. 2003) (approving award of $15,00 in punitive damages and $100 in nominal damages); *Sherman v. Kasotakis*, 314 F.Supp. 2d 843, 875-76 (N.D. Iowa 2004) (approving jury award of $1.00 in nominal damages and $12,500 in punitive damages).

    3.    *Jury Instructions*

Defendant argues that he is entitled to a new trial due to prejudicial errors with the jury instructions. In order to obtain a new trial based on improper jury instructions, the moving

party must show that "(1) the instructions did not accurately state the law, and (2) the error prejudiced [the party] because the jury was likely to be misled or confused." *Johnson v. General Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 733-34 (7th Cir. 2013) (citing *Rapold v. Baxter Int'l Inc.*, 718 F.3d 602, 609 (7th Cir. 2013)). Instructions are reviewed as a whole in order to determine if they were sufficient "to inform the jury of the applicable law." *Rapold*, 718 F.3d at 609. The district court "enjoys wide latitude in crafting jury instructions, and as long as those instructions do not misstate the law or fail to convey the relevant legal principles in full, they will stand." *Hicks v. Forest Preserve Dist. of Cook County, Ill.*, 677 F.3d 781, 791 (7th Cir. 2012) (quoting *Byrd v. Ill. Dep't of Pub. Health*, 423 F.3d 696, 705 (7th Cir. 2005) (internal citations omitted)).

Here, Defendant argues the jury was improperly instructed on the deliberate indifference elements and the standard for awarding punitive damages. As to the deliberate indifference standard, the Defendant argues that the instruction did not encompass the factors the jury must consider and what Plaintiff must prove to meet the subjective prong. The instruction regarding deliberate indifference which was read to the jury states:

> When I use the term "deliberately indifferent," I mean that a Defendant actually knew of a substantial risk of serious harm, and that a Defendant consciously disregarded this risk.

(Doc. 238 at p. 21). This instruction was taken from Seventh Circuit Pattern Jury Instruction 7.14, except that the Court removed the "reasonable measures" language at Defendant's request because Defendant's never argued in their case-in-chief that he took reasonable measures.

Defendant now argues that the instruction was improper because it did not fully explain the subjective and objective requirements for deliberate indifference and did not inform the jury that the Defendant had to believe that Plaintiff faced a substantial risk of harm. Defendant

argues that the jury could have been misled because they might have believed that Defendant was liable, even if he believed that someone else on another shift would alleviate the problem. The Court disagrees. The deliberate indifference instruction was taken from the Seventh Circuit Pattern Instructions 7.14 on deliberate indifference and is an accurate statement of the law. *See Townsend v. Fuchs*, **522 F.3d 765, 773 (7th Cir. 2008) (citing** *Farmer v. Brennan*, **511 U.S. 825, 834, 114 S.Ct. 1970 (1994)).** Further, as Plaintiff points out, there was no evidence from Defendant that he thought that someone else would deal with Plaintiff's cell conditions. Defendant's position at trial was that he was not aware of Plaintiff's cell conditions. Thus, the jury could not have been misled by the instruction in the way that Defendant now argues.

As to the punitive damages instruction, Defendant argues that the instruction was an incorrect statement of the law. Again the instruction was taken directly from Seventh Circuit Pattern Jury Instruction 7.24 in informed the jury that:

> You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done of the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

(Doc. 238 at p. 24). Defendant's only objection at trial was that his instruction was a more accurate statement of the law under *Kyle v. Patterson,* **196 F.3d 695 (7th Cir. 1999)**. In fact, counsel first asked if the defense's instruction was different from Plaintiff's proffered instruction, Pattern Instruction 7.24, and when the Court informed him that it was, counsel merely stated that he believed his instruction, Pattern Instruction 3.13, was a more accurate reflection of law as the Seventh Circuit stated in *Kyle* the standard. He did not indicate that the issue with the instruction was because of the definition of the terms "malice" and "reckless indifference" as they did not relate to the question of whether the defendant knew that he was violating federal law. However, the rule requires that not

only must "objections to jury instructions be made in a timely fashion and on the record, but also with sufficient specificity to apprise the district court of the legal and factual bases for any perceived defect." *Chestnut v. Hall*, **284 F.3d 816, 819 (7th Cir. 2002).** Further, an objection on a different basis does not preserve the issue for review as a "failure to object to even that portion of a jury instruction questioned on appeal results in a waiver." *Id.* **at 820.** Here, Defendant's counsel merely made a general objection to the instruction without explaining to the Court what about Pattern Instruction 7.24 was incorrect. Thus, the Court finds that Defendant has waived this issue for consideration now.

However, even if the issue was not waived, the Court finds that Pattern Instruction 7.24 is an accurate statement of the law. In *Kyle*, the case cited by Defendant at the jury instruction conference, the Seventh Circuit noted the long standing principle that "[p]unitive damages are available in § 1983 cases only upon a showing of 'evil motive or intent, or…reckless or callous indifference to the federally protected rights of others.'" *Kyle*, **196 F.3d at 697-98 (quoting** *Smith v. Wade*, **461 U.S. 30, 56, 103 S.Ct. 1625 (1983));** *Alexander v. City of Milwaukee*, **474 F.3d 437, 453 (7th Cir. 2007).** The Seventh Circuit has reiterated this standard in a recent unpublished opinion and noted that the punitive damages standard mirrors the Eighth Amendment standard for deliberate indifference. *Write v. Miller*, **561 Fed.Appx. 551, 555 (7th Cir. April 14, 2014).** As Plaintiff points out, the instruction in the pattern instruction is similar to the language identified by the Seventh Circuit and the Court finds that Pattern Instruction conforms to those requirements. Further, the Seventh Circuit has recognized similar instructions to the one given by the Court. *See Fox v. Hayes*, **600 F.3d 819, 846 (7th Cir. 2010) (In upholding verdict of punitive damages as consistent, the Court noted that the instruction indicated that punitive damages could be assessed if the defendant's actions were malicious or reckless and defining malicious as**

conduct **"accompanied by ill will or spite or is done for the purpose of injuring plaintiffs."**).

## IV. Conclusion

Accordingly, the Court **DENIES** Defendant's Renewed Motion for Judgment as a Matter of Law, or in the alternative, Motion for a New Trial (Docs. 256 and 257).

**IT IS SO ORDERED**.
DATED: September 16, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge
